RECEIVED
OCT 25 2007

**MEMORANDUM TO
THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE**

RE: Woods, Thyrra
DOCKET No. 04-CR-105-01
REQUEST FOR UNSUCCESSFUL
DISCHARGE FROM PROBATION

Reference is made to the above-captioned offender who was originally sentenced by Your Honor on August 22, 2006, to eighteen (18) months Probation with the following special conditions; 1) The defendant shall promptly disclose all financial information and documents to the Probation Department to enable assessment of her ability to pay, 2) Restitution in the amount of $5,050, payable at a rate to be determined by the Probation Department, and 3) Participation in a substance abuse treatment program as directed by the Probation Department. A $25 Special Assessment (which was satisfied on October 20, 2006) was also imposed. This sentence followed the offender's guilty plea to one-count of "Conspiracy to Steal Property Used by the United States Postal Service," in violation of 18 U.S.C. 371 and 1707. In response to a request by the Probation Department, the Court modified the offender's Probation term on July 24, 2007, to include a special condition requiring her to perform up to eight (8) hours of community service per week. The Probation Department requested the imposition of this special condition in order to allow the offender, who is unemployed, to be given credit for $10 per each hour of community service performed towards the Restitution balance. Notably, the offender has made one $25 payment towards the financial obligation imposed by the Court.

The purpose of this memorandum is to notify the Court of the offender's continued non-compliance with the conditions of her Probation term, and to recommend the unsuccessful discharge of her Probation term. As detailed in a status report, dated November 8, 2006, the offender has demonstrated a disregard for the terms of the Probation sentence imposed by the Court. Specifically, she submitted numerous urine specimens which tested positive for marijuana, and was subsequently discharged from outpatient drug treatment at Paul J. Cooper in May 2007, for poor attendance. Since January 2007, the offender has refrained from further drug use as evidenced by negative urinalyses results. With respect to employment, in April 2007, the offender reported that she was hired as a babysitter for Regina Moore, however, several attempts to verify this reported employment were unsuccessful. The offender subsequently reported working for her mother and step-father babysitting for her maternal half-brothers, and this reported employment also could not be substantiated.

In an effort to assist the offender comply with the Restitution order via the performance of community service, our office requested that the Court modify the conditions of the Probation term to include up to eight (8) hours of community service per week. The offender consented to this modification on July 20, 2007, when she executed a waiver of hearing to include the aforementioned special condition. On September 18, 2007, our office referred the offender to St. John's Bread and Life to begin performing community service, however, despite being directed to contact this agency, she has failed to do so.

In light of the offender's habitual noncompliance with the conditions of her Probation term, the Probation Department respectfully requests that the Court order an unsuccessful discharge. The offender is a twenty-three year-old female whose conviction for the instant offense, which was a misdemeanor, represents her only known involvement in the criminal justice system. The offender has incurred no arrests since the commencement of her Probation term, and has ceased using illicit substances for the past ten (10) months as evidenced by negative urinalyses. Further, intermediate sanctions normally available to the Probation Department to respond to noncompliance are not feasible in this case. As the offender does not have a telephone line in her residence and is facing possible eviction form her apartment, a term of home confinement is not an option. Alternatively, a placement in a Residential Re-Entry Center would be unnecessarily harsh, particularly since the offender is the primary care giver of her younger brother. To continue to monitor the offender, however, would be an ineffective use of the Probation Department's limited resources as she has demonstrated no motivation to improve her current or future circumstances or to take responsibility for the damages resulting from her actions in the instant offense.

In consideration of the aforementioned information, the Probation Department respectfully requests that the Court unsuccessfully discharge the remainder of the offender's Probation term, which is scheduled to expire on February 21, 2008.

Your Honor may indicate the Court's response on page three of this memorandum.

Very truly yours,


Tony Garoppolo
Chief U.S. Probation Department


PREPARED BY: _____
Laura A. Tait
U.S. Probation Officer


APPROVED BY: _____
Lawrence M. Cavagnetto
Supervising U.S. Probation Officer


Dated: October 23, 2007

THE COURT ORDERS:

THE UNSUCCESSFUL DISCHARGE OF THE PROBATION TERM:

_s/ MDG_
U.S. District Judge
Magistrate

Oct. 25, 2007
Date

OTHER COURT ACTION:

_____          _____
U.S. District Judge                             Date